MEMORANDUM *
Petitioner appeals the district court’s denial of habeas relief. Reviewing de novo, Williams v. Warden, 422 F.3d 1006, 1008 (9th Cir.2005), we affirm.
1. The California Court of Appeal’s decision did not “involve[] an unreasonable *539 application of[ ] clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). The court correctly identified the governing principles from Godinez v. Moran, 509 U.S. 389, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993), and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). It treated Petitioner’s repeated and explicit decision not to challenge his competence as a concession of competence. We are unaware of any Supreme Court case suggesting that the court could not do so. The state court viewed the evidence as relating only to Petitioner’s competence. Although one could consider the evidence to relate to more than just competence, it was not unreasonable for the court to interpret it as relating only to his competence. That being so, the court was left with: (a) a concession that Petitioner met the competence prong of Godinez and (b) no evidence of any reason other than lack of competence why Petitioner’s plea was not knowing and voluntary. In those circumstances, we cannot say that “the state court’s ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011).
2. The performance of Petitioner’s lawyer did not fall “below an objective standard of reasonableness.” Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The lawyer adequately investigated Petitioner’s mental state and provided ample evidence to the prosecution’s expert, the defense experts, and the jury of Petitioner’s impairment. Alternatively, it was not unreasonable for the state trial court to conclude that Petitioner did not suffer prejudice from his lawyer’s failure to introduce the additional evidence of his mental state. Although the prosecution’s expert would have testified more favorably to the defense had he possessed the information, the expert still believed that there was evidence consistent with a lack of psychosis at the time of the murder, and he still would have expressed no opinion as to Petitioner’s sanity. In those circumstances, “fairminded jurists could disagree on the correctness of the state court’s decision.” Harrington, 131 S.Ct. at 786 (internal quotation marks omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.